UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CARL KELLY,

Plaintiff,

v.

GAVIN NEWSOM, *et al.*,

Defendants.

Case No. 2:25-cv-3151-DJC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this action on October 30, 2025, and moved to proceed *in forma pauperis* ("IFP") thereafter. ECF Nos. 1 & 5. On December 22, 2025, I denied plaintiff's IFP application and directed him to either pay the filing fee or, resubmit an IFP application along with an explanation as to why he should be allowed to proceed without prepayment the filing fee despite his status as a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).[1] ECF No. 8. Plaintiff filed a new IFP application on October 8, 2026, ECF

[1] Plaintiff has at least three cases dismissed for failure to state a claim: (1) *Kelly v. Youngblood*, No. 2:04-cv-02462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust administrative remedies clear from the face of complaint); (2) *Kelly v. Gyorkey*, No. 2:11-cv-02142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to state a claim); (3) *Kelly v. Elit,* No. 1:18-cv-00019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim); (4) *Kelly v. Islam*, No. 1:18-cv-00018-DAD-JDP (E.D. Cal. Dec. 4, 2018) (dismissed for failure to prosecute, following a screening order dismissing complaint for failure to state a claim).

No. 10, but did not address his status as a "three-striker" and, on October 13, 2026, I recommended that this action be dismissed for failure to prosecute. ECF No. 11. On October 15, 2026, he completed his IFP application after his inmate trust account was submitted. ECF No. 12. Out of an abundance of caution, I will withdraw my earlier findings and recommendations and substitute these.

I find that plaintiff's application to proceed *in forma pauperis*, ECF No. 10, should be denied because of his status as a three-striker. In making this finding, I note that the operative complaint does not raise allegations of imminent danger that would allow him to proceed IFP in spite of his three-striker status. The complaint alleges, in a single, difficult to read paragraph, that a physician named Chan Ho has been providing him with the wrong dose of a blood thinning medication between August 2024 and January 2026. ECF No. 7 at 3. He claims, without explanation, that the discrepancy between Ho's dose and the one he should be on could cause him to have a stroke. *Id.* Several factors weigh against a finding of imminent danger. First, plaintiff's allegations are too conclusory to support imminent danger. He does not explain what dose would be appropriate, or how likely the discrepancy is to cause—as he alleges it might—a stroke. Second, it is notable that, despite plaintiff's allegation that Ho altered his dose in August 2024, he did not file this action until October 2025, more than a year later.[2] And plaintiff's most recent complaint, mailed in January 2026, ECF No. 7 at 6, does not identify any serious injury that has befallen him between August 2024 and January 2026, other than the possible risk of a stroke. Third, a medical document attached to plaintiff's initial complaint, dated October 9, 2025, states that plaintiff's "test results are essentially within normal limits or are unchanged and no provider follow-up is required." ECF No. 1 at 32.

Accordingly, it is ORDERED that my findings and recommendations at ECF No. 11 are VACATED and WITHDRAWN.

Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*,

[2] I also note that after my order that plaintiff address the filing fee in March 2026, ECF No. 8, he waited until after a show cause order was issued in September 2026 to take action in this suit. *See* ECF Nos. 9 & 10.

ECF No. 10, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 12, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE